STEINER v. NATIONAL CASH REGISTER CO.

(Supreme Court, Appellate Term, First Department.    November 3, 1915.)

SALES ⬅482—CONDITIONAL SALES—TRANSFER AFTER DEFAULT—RIGHTS OF VENDEE.

Where a cash register was sold, with a reservation of title in the vendor until payment of the price, after default in payment the vendee merely retained the right to redeem, under Personal Property Law (Consol. Laws, c. 41) § 65, providing that the vendee or his successor in interest may re-

deem within 30 days after the property is retaken; and upon a transfer of the property by him to another, he transferred his right to recover the amount paid on the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1457; Dec. Dig. ☜ 482.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Louis Steiner against the National Cash Register Company. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Perkins & Butler, of New York City (Frank A. Butler and C. S. Lorentzen, both of New York City, of counsel), for appellant.

Louis Lichtenberg, of New York City, for respondent.

SHEARN, J. The conditional contract of sale provided that:

"It is agreed that title to said register shall not pass to undersigned until the price thereof, or any judgment for all or part of same, is paid in full."

Under this contract the cash register title remained in the defendant vendor, and it has never been divested, because neither the purchase price nor the judgment therefor has ever been paid. Plaintiff being in default, and the whole purchase price being due, no right remained in him as vendee, except the right given under section 65 of the Personal Property Law to redeem the register by payment therefor. Plaintiff's transfer of the register to another, under these circumstances, transferred merely this right to redeem. When the defendant subsequently obtained possession of the cash register by replevin against the transferee, plaintiff was not entitled to recover his original deposit.

The statute expressly gives the successor in interest of the vendee the benefit of the amount paid, and only compels him to pay what his predecessor in interest has left unpaid. That necessarily implies that the amount paid by any predecessor in interest belongs to the last transferee, and he is entitled to a credit with the vendor or his successor in interest for that amount. The statute gives no right to any one, except under the contract. The statutory right is incidental to the contractual right, and is designed to afford protection to it; but it does not exist apart from it. When plaintiff parted with his rights under the contract, he also parted with his rights under the statute. The right to recover the amount paid passed to the transferee, who waived his right to recover it on the settlement of the replevin action against him.

Judgment reversed, with $30 costs, and complaint dismissed on the merits, with costs. All concur.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes